Electronically Filed
Intermediate Court of Appeals
CAAP-13-0002084
12-AUG-2014
08:52 AM

NO. CAAP-13-0002084

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LOTTIE TAGUPA, Plaintiff-Appellant, v.
VIPDESK, Defendant-Appellee


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3FC12-1-297H)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

Plaintiff-Appellant Lottie Tagupa (**Tagupa**) appeals from the (1) June 17, 2013 Judgment; and (2) June 17, 2013 Order Granting Defendant's Motion for Award of Attorney's Fees and Costs (**Order Awarding Attorney's Fees**) both entered in District Court of the Third Circuit Court[1] (**district court**).

On appeal, Tagupa contends the district court erred by granting[2] Defendant-Appellee VIPDesk's June 5, 2013 Motion for Award of Attorney's Fees and Costs pursuant to Hawaii Revised Statutes (**HRS**) § 607-14.5 (Supp. 2013) and Hawai'i District Court Rules of Civil Procedure (**DCRCP**) Rule 41.[3]

_____

[1] The Honorable Melvin H. Fujino presided.

[2] VIPDesk correctly notes that Tagupa "incorrectly identifies" error with the district court's Order Awarding Attorney's Fees pursuant to DCRCP Rule 41(a)(2) and HRS § 607-14.5 because attorney's fees and costs had already been awarded to VIPDesk. The district court's June 4, 2013 "Order Granting [Tagupa's] Motion to Dismiss This Case Without Prejudice" specified VIPDesk would "be awarded reasonable attorney's fees and costs incurred in defending this case in this Court."

[3] Tagupa's opening brief fails to comply with Hawai'i Rules of Appellate Procedure Rule 28(b)(4) and (7) because it does not contain correct
(continued...)

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Tagupa's appeal lacks merit.

The district court was authorized to condition dismissal of Tagupa's complaint "upon such terms and conditions as the court deems proper." DCRCP Rule 41(a)(2). DCRCP Rule 41 provides in part:

> Rule 41. DISMISSAL OF ACTIONS
>
> (a) Voluntary Dismissal: Effect Thereof.
>
> . . . .
>
> (2) BY ORDER OF COURT. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon that defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

(Emphasis added.) We note Tagupa presents no argument against the district court's award of attorney's fees and costs pursuant to DCRCP Rule 41(a)(2).

"In imposing conditions [under Hawai'i Rules of Civil Procedure (**HRCP**) Rule 41(a)(2)], 'the court should endeavor to insure that substantial justice is accorded to both parties.'"[4] Moniz v. Freitas, 79 Hawai'i 495, 500, 904 P.2d 509, 514 (1995) (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364 (2d ed. 1994) at 278). We review a court's imposition of such terms and conditions for an abuse of discretion. Moniz, 79 Hawai'i at 500, 904 P.2d at 514 (citing Sapp v. Wong, 3 Haw. App. 509, 512, 654 P.2d 883, 885 (1982)).

A trial court exercising its discretion under HRCP

---

[3](...continued) citations to the record on appeal. Counsel for Tagupa is warned that future noncompliance may result in sanctions.

[4]     HRCP Rule 41(a)(2) contains text identical to that of DCRCP Rule 41(a)(2). Case law interpreting HRCP Rule 41 thus informs our application of DCRCP Rule 41 to the facts of this case.

Rule 41(a)(2), "will consider the expense and inconvenience to the defendant and will deny the motion if the defendant will be prejudiced seriously by a dismissal. The court will examine the possibility that any harm to the defendant may be avoided by imposing terms and conditions on the dismissal." Moniz, 79 Hawai'i at 500-01, 904 P.2d at 514-15 (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364 at 293-96. "To alleviate the prejudice resulting from dismissal [pursuant to Federal Rules of Civil Procedure Rule 41], courts typically impose costs and attorney fees upon plaintiff." Mayes v. Fujimoto, 181 F.R.D. 453, 456 (D. Hawai'i 1998) aff'd, 173 F.3d 861 (9th Cir. 1999).

At the May 23, 2013 hearing on Tagupa's motion to dismiss, counsel for Tagupa requested that no attorney's fees and costs be awarded to VIPDesk in light of Tagupa's pro se status at the time of filing the complaint and because of counsel's prompt efforts to dismiss the case and refile in federal court. The district court expressed concern that VIPDesk had already incurred expenses and "should not have to bear the expense because [Tagupa] filed the claim in the wrong court."

VIPDesk opposed Tagupa's motion to dismiss on the basis that it suffered "prejudice" because it had "diligently defended itself in this [proceeding before the district court]" and [was] prepared to proceed to trial." The district court acted within its discretion by "consider[ing] the expense and inconvenience . . . [,]" (Moniz, 79 Hawai'i at 500-01, 904 P.2d at 514-15) and "alleviat[ing] the prejudice resulting from dismissal" by awarding VIPDesk attorney's fees and costs. Mayes, 181 F.R.D. at 456.

Because we conclude that the district court did not abuse its discretion in awarding attorney's fees and costs under DCRCP Rule 41(a)(2), we need not reach Tagupa's contention that the district court erred by awarding VIPDesk attorney's fees and costs under HRS § 607-14.5. Any alleged error in the district

3

court's application of HRS § 607-14.5 would be harmless.[5] <u>See</u> DCRCP Rule 61; <u>Korean Buddhist Dae Won Sa Temple of Hawai'i v. Sullivan</u>, 87 Hawai'i 217, 241-42, 953 P.2d 1315, 1339-40 (1998).

Therefore,

IT IS HEREBY ORDERED that the (1) June 17, 2013 Judgment; and (2) June 17, 2013 Order Granting Defendant's Motion for Award of Attorney's Fees and Costs both entered in District Court of the Third Circuit Court are affirmed.

DATED:  Honolulu, Hawai'i, August 12, 2014.

On the briefs:

Venetia K. Carpenter-Asui
for Plaintiff-Appellant.

Robert D. Triantos
Edmund W.K. Haitsuka
(Carlsmith Ball)
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[5]     DCRCP Rule 61, provides:

Rule 61.  Harmless Error.

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.